THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIS FLOYD WILEY, #753383 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-03-346 |
| | § | |
| CHUCK BRISCOE, ET AL. | § | |

### O R D E R

On May 8, 2003, this case was transferred from the Southern District of Texas, Houston Division to the Galveston Division. On May 21, 2003, this Court, having **reconsidered** Plaintiff's application to proceed in forma pauperis and, in light of the Prison Litigation Reform Act of 1996 (PLRA), issued an Initial Partial Filing Fee (Instrument no. 5) and thereafter, issued an Order re: Collection and Payment of Full Filing Fee (Instrument no. 14).

It now appears that **Willis Floyd Wiley** is no longer entitled to proceed in forma pauperis pursuant to Title 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1996. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought any action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Pursuant to this law if, at some time in the past, three civil rights actions or appeals filed by a prisoner have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, said prisoner cannot file or continue to pursue any civil complaints in forma

pauperis, *regardless of merit*, unless the Court first finds the prisoner is about to suffer *serious physical* injury.

It appears that the following lawsuits and/or appeals filed by **Willis Floyd Wiley** have been dismissed as frivolous or malicious: Wiley v. Murphy, et al., No. 4:98cv4340 (S.D. Houston); Wiley v. Dretke, et al., No. 4:05cv3430 (S.D. Houston); Wiley v. McKellar, et al., No. 6:04cv331 (E.D. Tyler); and Wiley v. Mangrum, et al., No. 04-41331 (5th Cir.). Each of these dismissals appears to qualify as a " strike" under the preclusive " three strike provision" of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996). Therefore, **Willis Floyd Wiley** cannot be afforded the continued privilege of proceeding in forma pauperis.

For the foregoing reasons, it is **ORDERED** that the leave granted to **Willis Floyd Wiley** to proceed as a pauper is **REVOKED.**

It is further **ORDERED** that and the Order Re Collection and Payment of the Full Filing Fee (Instrument no. 14) entered on August 4, 2003, is hereby **VACATED**.

It is further **ORDERED** that **Willis Floyd Wiley SHALL** have until no later than **September 15, 2006**, to make full payment of **$109.87** , the remaining balance of the filing fee applicable in this cause. If payment is not made in full by **September 15, 2006**, this cause of action will be dismissed for want of prosecution.

It is further **ORDERED** that the Clerk of Court **SHALL** send a copy of this Order to **TDCJ-Office of the General Counsel, TDCJ Litigation Support, P. O. Box 13084, Austin, TX 78711 and TDCJ Inmate Trust Funds Division, P. O. Box 629, Huntsville, TX 77342-0629.**

**DONE** at Galveston, Texas, this 31st day of August, 2006.

_____
Samuel B. Kent
United States District Judge

3